AO 91 (Rev. 11/11)  Criminal Complaint                                                                United States Courts

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Southern District of Texas
FILED
*January 31, 2025*
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Cuevas-Cesar, Baldemar aka Cuevas, Baldemar Cezar | ) ) ) ) ) | Case No. **4:25-mj-0047** |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 31, 2025** in the county of **Montgomery** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | Illegal re-entry into the United States after having previously been deported to Mexico, subsequent to having been convicted of a crime defined as a felony, without first applying for and obtaining permission from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, for admission to the United States following deportation from the United States, in violation of Title 8, United States Code, Section(s) 1326(a) and (b). |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

*Complainant's signature*

Terry Matthias, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 01/31/2025

*Judge's signature*

City and state: Houston, Texas       Christina A. Bryan, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Terry Matthias, being duly sworn by telephone, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 24, 2007. Prior to this assignment, I have held the following positions: Customs and Border Protection Officer and Immigration Enforcement Agent. My law enforcement career began July 2006, as a Customs and Border Protection Officer. I have over 18 years of immigration law enforcement experience.

(2)   On January 31, 2025, at approximately 1000 hrs., Cuevas-Cesar, Baldemar was detained by ICE. The defendant also goes by the alias of Cuevas, Baldemar Cezar.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)   <u>Element One</u>:  The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)   <u>Element Two</u>:  The Defendant has previously been deported or removed from the United States on the following occasion(s):
   a. January 22, 2020.
   b. April 13, 2000.

(7)   <u>Element Three</u>:  After deportation, the Defendant was subsequently found in the United States on January 31, 2025, in Montgomery County, Texas, which is within the Houston Division Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On January 31, 2025, LESC advised me that it had no record of such an encounter.

(8) <u>Element Four</u>: The Defendant did not have permission to reenter the United States. On January 31, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9) <u>Prior Criminal History / Gang Affiliation</u>. The Defendant has the following prior criminal history and/or gang affiliation:

   a. On February 02, 2016, the Defendant, using the name of Baldemar Cezar Cuevas was convicted in the County Court at Law 4, Montgomery County, Texas for the offense of DUTY ON STRIKING UNATTENDED VEH and was sentenced to 180 days confinement. Cause No. 15-309213.

   b. On March 16, 1999, the Defendant, using the name of Baldemar Cuevas-Cesar was convicted in the U.S. District Court, Western District of Texas (San Antonio), Texas for the offense of BRINGING IN AND HARBORING ALIENS and was sentenced to 24 months confinement; 3 years SRT. Case No. 5:98-cr-00301-ECP-1.

(10) On January 31, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Charmaine Holder 713-819-6407 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

_____
Terry Matthias, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 31st day of January 2025, and I find probable cause.

_____
Hon. Christina A. Bryan
United States Magistrate Judge
Southern District of Texas